IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:07 CR 569

                Plaintiff,            O R D E R

          -vs-                                              JUDGE JACK ZOUHARY

Marvin Miller,

                Defendant.

Defendant made an oral motion on April 22, 2008 for additional funds for private investigative services to locate and interview one or two potential eyewitnesses. The Court previously denied this motion and now amplifies its reasoning with this written Order.

Under 18 U.S.C. § 3006A(e)(1), criminal defendants may obtain funds from the Court to "obtain investigative, expert, or other services necessary for adequate representation" upon showing financial need and "that the services are necessary." The Sixth Circuit has adopted the following standard:

> An indigent defendant may obtain authorization for investigative, expert, or other services under 18 U.S.C. § 3006A(e)(1) upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced.

*U.S. v. Gilmore*, 282 F.3d 398406 (6th Cir. 2002) (district court did not abuse discretion in denying motion and "need not grant an indigent's motion under § 3006A on the off chance that the requested services might turn up something").

This Court previously granted Defendant up to $500 for investigative services to allow him to develop his case (Doc. No. 18). This additional request, one week before trial, was made because counsel felt if she conducted the interviews herself this might cause her to become a fact witness jeopardizing her continued representation of Defendant. The Court disagrees. Defense counsel can meet and interview potential eyewitnesses without becoming a fact witness. For example, counsel can have the witness sign a statement or record the conversation to avoid the need to contradict the witness through her own testimony. Counsel's argument that additional funds are necessary for due process rings hollow as well.

This situation is analogous to *U.S. v. Kasto*, 584 F.2d 268, 273-274 (8th Cir. 1978), where the court held that a district court did not abuse its discretion in denying funds under the statute because "[n]o showing [was] made as to why the two lawyers appointed by the court could not perform any investigative work required" and "failure of defense counsel to interview . . . cannot be attributed to the District Court's denial of outside investigative services . . . ." Likewise, in our case, the Court's denial of **additional** funds does not prejudice Defendant's case. Counsel had feasible ways to conduct the interviews without hiring an investigator.

The Court has carefully considered this request and the alleged due process implications, and finds that Defendant has failed to show the necessity for additional funds.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 30, 2008