IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:07 CR 569 |
| Plaintiff, | SUPPLEMENTAL <u>SENTENCING MEMORANDUM</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Marvin Miller, | |
| Defendant. | |

**BACKGROUND**

At issue is whether to apply Title 18 U.S.C. § 924(e) under the Armed Career Criminal Act (ACCA). Specifically, the Court must determine whether Defendant Marvin Miller has three prior violent felonies which would qualify under that statute for a mandatory minimum 15-year sentence.

Defendant was charged by Indictment on November 7, 2007 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. No. 1). Defendant waived his right to a jury trial (Doc. No. 23), and a bench trial was had before this Court on April 30, 2008. A verdict of guilty was returned (Doc. No. 47).

The initial presentence report (PSR) of July 11, 2008 indicated Defendant was potentially subject to enhanced sentencing (PSR ¶ 5) which would require a 15-year mandatory minimum based upon three prior violent felony convictions (PSR ¶¶ 37, 38, 40). Defendant challenges the application of the ACCA's mandatory 15-year sentence.

If the Court finds Defendant is not subject to the enhancement of § 924(e), his Criminal History Category is IV, and his Offense Level is 24 for a range of 77 to 96 months. If the Court finds

he is subject to an enhanced sentence, his Criminal History Category remains the same (IV) and his Offense Level increases to 33 for a range of 188 to 235 months.

### THREE PRIOR FELONIES

The Government contends Defendant has three prior "violent felonies" under § 924(e) of the ACCA. Defendant had a juvenile conviction in 1990 -- a felonious assault where Defendant, then 14 years old, shot an individual twice, once in the back and once in the hand (PSR ¶ 37). Next, in 1993 Defendant was convicted of involuntary manslaughter and aggravated assault in Lucas County Common Pleas Court (PSR ¶ 38) for shooting two individuals. Finally, there was a 2004 attempted felonious assault conviction for striking an individual with a gun, again in Lucas County Common Pleas Court (PSR ¶ 40).

The revised PSR in August provided more details of the 1990 felonious assault including records from the Juvenile Court which were not previously discovered or made available. Those records have been certified. The parties were granted additional time to bring in evidence related to the 1990 adjudication, and the diligence of both the prosecution and the defense unearthed a tape recorded transcript of the juvenile adjudication hearing.

### USE OF THE JUVENILE ADJUDICATION UNDER THE ACCA

The defense objects to the use of the 1990 juvenile adjudication to enhance the penalty under the ACCA, arguing such a use of a juvenile conviction violates due process of law. Clearly, the ACCA contemplates the use of a juvenile proceeding as counting toward the three violent felonies necessary to impose the mandatory 15-year sentence. Under § 924(e)(2)(B), the definition of "violent felony" includes "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an

2

adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." Whether or not utilizing a prior juvenile conviction in this way offends due process is a separate question.

The leading case on the issue in the Sixth Circuit is *United States v. Crowell*, 493 F.3d 744 (6th Cir. 2007). In *Crowell*, the defendant contested the use of a juvenile conviction for purposes of § 924(e). At the sentencing hearing, the defendant denied the existence of a 1990 juvenile conviction for aggravated robbery. The Government responded by presenting written proof of his juvenile record along with the testimony of the detective who prosecuted the juvenile charge. The defendant argued that use of the juvenile conviction violated due process and the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Sixth Circuit held that "the use of **procedurally sound** juvenile adjudications as ACCA predicates does not violate due process," even though juvenile adjudications are not afforded the full panoply of procedural rights that is provided in an adversarial adult prosecution. *Id*. at 750 (emphasis added). Rather than demand a juvenile proceeding meet a constitutional checklist of rights afforded to adult defendants in order for it to be used as a predicate under the ACCA, the *Crowell* court instructed judges to "consider the reality of the actual juvenile adjudication to determine whether it is sufficiently reliable so as to not offend constitutional rights . . . . " *Id.* (internal citations omitted).

In upholding the use of the defendant's juvenile adjudication, the *Crowell* court found that there was "no indication [the defendant] was not afforded appropriate due process in his juvenile adjudication." *Id.* at 751. As evidence that the defendant was afforded appropriate due process, the Sixth Circuit cited to the limited record of the juvenile proceedings and the Tennessee statute describing the procedures and rights afforded at such proceedings.

3

Here, Defendant does not contest the existence of his juvenile conviction, rather his objection is that his juvenile adjudication did not comport with due process. As discussed *supra*, under *Crowell*, the due process requirement is met so long as the adjudication was "procedurally sound." Fortunately, this Court need not speculate about what occurred because the docket sheet, transcript, and all the individuals present at the juvenile adjudication were available for testimony in this Court[1] some eighteen years later. The transcript of the hearing shows that Defendant, in the presence of both his mother and grandmother, was thoroughly briefed about his rights before he pled guilty and recited the events that led to the shooting. The transcript confirms Defendant and his family understood the purpose of the hearing and the seriousness of it.

In its briefing, Defendant highlights that he pled guilty almost immediately after he was charged, arguing this fact is in some way indicia of the absence of due process. The quick turnaround is not as troubling to this Court because Defendant's prior experience with the juvenile justice system is well-documented. Defendant also argues neither his mother nor his grandmother waived his rights. However, the Court notes that both were present at the adjudication and spoke to the referee, and neither raised an objection to the hearing going forward.

In sum, the Court is satisfied the 1990 juvenile adjudication was procedurally sound and comported with due process. The defense suggests in its briefing that this Court's efforts to fully investigate the record of the 1990 adjudication serves as evidence that the 1990 adjudication lacked

---

[1] The Court had the benefit of testimony from the following, all of whom were present at Defendant's August 9, 1990 adjudication: Lucas County Juvenile Court Magistrate Judge John Yerman; Jennifer Bainbridge, the juvenile prosecutor; Richard Blake, Defendant's appointed counsel; Defendant's mother; Defendant's grandmother; and the Defendant himself.

4

reliability. Quite the contrary is true. Information gathered by these efforts has served to increase this Court's confidence that the 1990 adjudication comports with *Crowell*.

### NOTICE

Defendant complains in its Sentencing Memorandum that the Government did not provide sufficient notice that it would seek an application of the ACCA's mandatory 15-year sentence. Defendant correctly points out he was charged with one count of violating 18 U.S.C. § 922(g) and was not charged with violating 18 U.S.C. § 924(e). Defendant essentially claims it is unfair that he now faces a potential sentence that doubles what he anticipated.

The Sixth Circuit has made it clear that "[f]ormal notice is not required under the Armed Career Criminal Act." *United States v. McGovney*, 270 F. App'x 386, 387 (6th Cir. 2008). The *McGovney* court held that, in addition to formal notice not being required under the ACCA, the Government's failure to provide written notice of its intent to request a sentence under Section 924(e) did not violate defendant's constitutional rights. *Id.* The court noted defendant had almost two months prior to his sentencing to become aware of the potential enhancement which served to comply with procedural due process. *Id.* Here, Defendant had many months to familiarize himself with his criminal record, and in fact Defendant undertook diligent efforts to probe his underlying record. Thus, due process is not offended.

### SEPARATE OFFENSES

At the Court's request, the parties provided briefing on the issue of whether Defendant's 1993 conviction for involuntary manslaughter and aggravated assault should count as one felony or two distinct violent felonies under the ACCA. In that conviction, Defendant shot two victims in a parking lot. One victim died, the other did not. The parties agreed in their briefing, as does this Court, that

5

under the test set forth in *United States v. Hill*, 440 F.3d 292 (6th Cir. 2006), that although the incident involved two victims, for the purposes of the ACCA it constituted a single predicate crime. This is because the two shootings arose out of a single altercation and are not separate and distinct criminal episodes.

## CONCLUSION

There is no indication Defendant's 1990 adjudication was not "procedurally sound." In fact, all evidence provided to this Court suggests it was quite the opposite and has every indicia of due process. Under 18 U.S.C. § 924(e), a person who "violates section 922(g) . . . and has three previous convictions . . . shall be fined under this title and imprisoned not less than fifteen years."

Having found Defendant has three previous qualifying convictions, this Court is required to impose a sentence of no less than fifteen (15) years. *United States v. Terry*, No. 06-4104, at *5 2008 WL 2604248 (6th Cir. June 26, 2008) (holding that *Booker* has no impact on mandatory sentences imposed under § 924(e)(1)).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 7, 2008