IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:07 CR 569 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Marvin Miller, | |
| Defendant. | |

## INTRODUCTION

*Pro se* Defendant Marvin Miller, a prisoner in federal custody, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 100), claiming he received ineffective assistance of counsel.  The Government opposed (Doc. No. 103).  For the reasons stated below, Defendant's Motion is denied.

## BACKGROUND

The Sixth Circuit accurately and succinctly provided the factual background of this case in its decision from Defendant's direct appeal:

> Defendant, Marvin Miller, was charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The parties stipulated that Miller has previously been convicted of a crime punishable by a term of imprisonment exceeding one year and that the firearm identified in the indictment had previously traveled in interstate or foreign commerce.  Defendant agreed to a bench trial, which was held on April 30, 2008, and he was found guilty on May 5, 2008.

> The sole issue at trial was whether the government could prove beyond a reasonable doubt that defendant possessed the firearm on or about September 7, 2007, during the execution of a search warrant at Bella's Gentlemen's Club in Toledo, Ohio. Bella's was known as a place where patrons used drugs and carried weapons. Two police officers testified at trial that they saw Miller on the patio with a pistol and they saw him toss the pistol on or near a table umbrella behind the patio door to the club. Defendant was apprehended by police as he tried to climb over the club fence and escape the raid. Defendant testified at the trial and maintained he did not have a gun at Bella's that night and that the officers could not have seen him throw anything because the patio was unlit and they were looking though the slats in the fence. He also claims that he was fleeing from the club owner, not the police. The district court found the officers' testimony credible and found defendant guilty.
>
> After trial, on July 11, 2008, a presentence investigation report was completed. The report noted several prior convictions, including a 1990 juvenile conviction, and it stated that defendant was "potentially subject" to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which requires that a defendant convicted of certain firearms violations who has three prior "violent felonies" be given a mandatory 15-year sentence. Presentence Investigation Report at ¶ 5. That report found that defendant was subject to a guideline sentence of 77–96 months. A subsequent presentence investigation report filed on August 7, 2008, found that defendant qualified for the Armed Career Criminal Act enhancement based on three prior violent felony convictions, one of which was the juvenile adjudication in 1990 for a shooting when defendant was 14. Both parties filed multiple sentencing memoranda, and the district court held three sentencing hearings in an effort to resolve whether the juvenile adjudication may provide one of the three required previous offenses for purposes of the Armed Career Criminal Act. The district court ultimately found that the 1990 juvenile conviction qualified as one of the three required "violent felonies" under the Act and sentenced Miller to the mandatory 15-year sentence, almost doubling the guideline-range sentence. Miller appealed both his conviction and sentence.

*United States v. Miller*, 371 F. App'x 646, 647–648 (6th Cir. 2010). The Sixth Circuit affirmed both

Defendant's conviction and sentence. *Id.* at 654.

## STANDARD OF REVIEW

Ordinarily, to prevail on a Section 2255 motion alleging constitutional error, the defendant must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). In a petition for collateral review under

Section 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. *McNeil v. United States*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999). The defendant has the burden of sustaining his contentions by a preponderance of the evidence. *Id.*

However, in the case where a defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted on these claims, to raise them in a Section 2255 motion he also must show "either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). This is so because "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Id.* (citing *U.S. v. Frady*, 456 U.S. 152, 167–68 (1982)).

Furthermore, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995) (table case)). Failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. *United States v. Walsh*, 733 F.2d 31, 34–35 (6th Cir. 1984).

## DISCUSSION

Defendant gives three reasons he believes his trial counsel was ineffective: (1) she failed to investigate Defendant's prior convictions, resulting in his classification as an armed career criminal subject to a 15-year mandatory minimum sentence; (2) counsel misinformed Defendant she would file a motion to dismiss and this was the reason Defendant agreed to a bench trial rather than a jury trial; and (3) at sentencing, counsel "simply let the federal government and the court 'make phone-calls'

3

in order to determine this petitioner qualified as an armed career criminal - which he isn't as a matter of law" (Doc. No. 100 at 4–5, 7).

To prevail on an ineffective assistance of counsel claim, both prongs of the familiar *Strickland* test must be met: performance and prejudice. *Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 686, 692 (1984)). In order to meet the performance requirement, counsel's representation must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. To meet the prejudice requirement, there must exist a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694. When considering the prejudice element, the focus is on whether counsel's errors undermined the reliability of and confidence in the result. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

**Ineffective Assistance of Counsel at Sentencing**

Defendant's first and third grounds for relief concern counsel's performance at sentencing, alleging counsel's actions directly led to Defendant being classified as an armed career criminal. Defendant's arguments, however, simply raise issues the Sixth Circuit previously considered and decided in his direct appeal. On appeal, Defendant argued his due process rights were violated when this Court used his 1990 juvenile conviction for felonious assault in classifying him as an armed career criminal. The Sixth Circuit reviewed the record and transcripts from this Court's three sentencing hearings, considered Defendant's due process arguments, and concluded that this Court properly considered Defendant's 1990 juvenile conviction under the Armed Career Criminal Act. *Miller*, 371 F. App'x at 654. To the extent Defendant is challenging his classification as an armed

4

career criminal, he raised that issue on appeal and no exceptional circumstances exist that would allow him to relitigate the issue now. *See Dupont*, 76 F.3d at 110.

Defendant's claim also must fail on the merits. Even assuming, for the sake of argument, his counsel's performance fell below "an objective standard of reasonableness under prevailing professional norms," *Strickland*, 466 U.S. at 688, Defendant cannot show he was prejudiced by her performance. To do so, he must demonstrate the results of his sentencing would have been different, *id.* at 694, and that is where his arguments fall short.

The Sixth Circuit effectively shut the door on Defendant's ineffective assistance claim when it upheld this Court's armed career criminal determination, stating "[w]e agree with the district court that the 1990 juvenile proceeding sufficiently comported with due process to count as a predicate offense for purposes of the Armed Career Criminal Act." *Miller*, 371 F. App'x at 654. Because of the Sixth Circuit's determination, Defendant cannot meet the second prong of the *Strickland* test. *See United States v. DeGroat*, 102 F. App'x 956, 959–60 (6th Cir. 2004).

In *DeGroat*, the defendant claimed in her direct appeal the district court improperly calculated the amount of drugs attributed to her. *Id.* at 959. The Sixth Circuit rejected the argument and affirmed the district court's decision. *Id.* The defendant later filed a Section 2255 motion, claiming her trial counsel was ineffective for not objecting to the drug quantity used by the district court during sentencing. *Id.* The Sixth Circuit rejected her claim, holding that "[b]ecause this court has previously concluded that the district court's calculation of the drug quantity attributable to DeGroat was not clearly erroneous, DeGroat cannot show that she was prejudiced by her counsel's failure to object to the quantity." *Id.*

5

The same principle applies here. The Sixth Circuit found Defendant's juvenile conviction was properly used in this Court's armed career criminal determination. Just as in *DeGroat*, this prevents Defendant from demonstrating that, had his trial counsel investigated his prior convictions more thoroughly, his sentencing would have been different.

**Ineffective Assistance of Counsel at Trial**

In Defendant's second ground for relief he argues his counsel was ineffective at trial. As with his other claims, Defendant must show both that counsel's representation fell below an objective standard of reasonableness and, absent counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694. Under the first prong, the burden is on Defendant to "identify[] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. Judicial scrutiny of trial counsel's performance must be "highly deferential." *Id.* at 689. For counsel's performance to be deficient, Defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 690.

Defendant states that counsel told him his civil rights had been restored in Ohio and she would file a motion to dismiss the indictment on that basis. Defendant claims he agreed to a bench trial rather than a jury trial based on counsel's promise to file a motion to dismiss. Defendant claims counsel never filed the motion to dismiss, and "[h]ad counsel not misinformed the petitioner, this petitioner would have exercised his constitutional right to trial by jury" (Doc. No. 100 at 5). While his argument is not well-developed, it appears Defendant's chief complaint is counsel's failure to file a motion to dismiss prior to trial, which, according to Defendant, caused him to forego a trial by jury and agree to a bench trial.

6

This Court does not find counsel's decision to be "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 690. As the Government points out, there may have been good reason to request a bench trial, including that the nature of Defendant's offense (felon in possession of a firearm) and his violent criminal history may not have made him a particularly sympathetic defendant to a jury. Counsel's decision was a strategic one entitled to deference. *Id.* at 689.

Furthermore, Defendant has not shown that but-for "counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694. Defendant presented all his evidence to this Court and has not demonstrated "there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). There is no reason to believe, nor has Defendant provided any, that counsel's performance undermined the reliability and confidence of the result of trial. *See Lockhart*, 506 U.S. at 368–69.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 100) is denied. Furthermore, this Court finds additional briefing is unnecessary to resolve Defendant's Petition, and therefore Defendant's Motions for Leave to Supplement his Section 2255 Petition (Doc. No. 104) and for extension of time (Doc. No. 105) are denied.

This Court declines, pursuant to 28 U.S.C.§ 2253(c)(2), to issue a certificate of appealability.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 28, 2011